Received
2023 MAY 26 PM 4:06
CLERK
U.S. DISTRICT COURT

**DAVID J. HOLDSWORTH (4052)**
Attorney for Plaintiff
9125 South Monroe Plaza Way, Suite C
Sandy, UT 84070
Telephone (801) 352-7701
Facsimile (801) 567-9960
david_holdsworth@hotmail.com

FILED
2023 MAY 31 AM 9:07
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ALEX WESEMANN,<br><br>Plaintiff,<br><br>v.<br><br>SALT LAKE COUNTY SHERIFF'S OFFICE, ROSIE RIVERA, Sheriff, STEVEN GIBSON, Sergeant, __________, Sheriff's Deputy, __________ MCFARLAND, Sergeant, __________ RUSSELL, Sheriff's Deputy, __________ FOWERS, Sheriff's Deputy, the individual Defendants named in their official and individual capacities,<br><br>Defendants. | **COMPLAINANT**<br>**(JURY TRIAL DEMANDED)**<br><br>Case: 2:23−cv−00345<br>Assigned To : Parrish, Jill N.<br>Assign. Date : 5/26/2023<br>Description: Wesemann v. Salt Lake County Sheriff's Office et al<br><br>Civil No.<br><br>Hon. |

COMES NOW the Plaintiff, Alex Wesemann, complains of Defendants Salt Lake County Sheriff's Office, Rosie Rivera, Sheriff, Steven Gibson, Sergeant, __________, Sheriff's Deputy, __________ McFarland, Sergeant, __________ Russell, Sheriff's Deputy, __________ Fowers, Sheriff's Deputy, demands trial by jury, and as and for facts and causes of action, alleges as follows:

**PARTIES**

1. Alex Wesemann is a citizen of the United States and, at all times relevant hereto, was a resident of the State of Utah.

2. The Salt Lake County Sheriff's Office is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964 which does business in Salt Lake County in the State of Utah. The individuals listed as Defendants are employees and agents of the Salt Lake County Sheriff's Office and are sued in their official and individual capacities.

**JURISDICTION AND VENUE**

3. This action is brought against the Salt Lake County Sheriff's Office pursuant to Title VII of the Civil Rights Act of 1964, as amended, for discrimination in employment and for retaliation. Jurisdiction is specifically conferred on this Court by 42 U.S.C. § 2000 e (5). Equitable and other relief are also sought under 42 U.S.C. § 2000 e (5) (g). Jurisdiction is also based on 28 U.S.C. §§ 1331, 1332 and 4s U.S.C. § 1983.

4. Venue in this Court is proper in that the causes of action alleged herein arose in the Federal District of Utah, Plaintiff worked in the State of Utah, the employment records relevant to Plaintiff's claim may be found in the State of Utah, and the Defendants "reside" in the State of Utah.

**STATEMENT OF FACTS**

5. Plaintiff alleges that, on or about June 22, 2020, he was hired by the Salt Lake County Sheriff's Office as a Sheriff's Deputy.

6. Plaintiff alleges that, when he was hired, he was notified that he was on probation for 12 months which would begin as of his hire date.

7. Plaintiff alleges that, on or about July 11, 2020, his wife received a sexually harassing text through Facebook Messenger sent by his Sergeant, Steven Gibson.

8. Plaintiff alleges that, on or about August 4, 2020, he asked Sgt. Gibson to stop sending texts to his wife, but Sgt. Gibson did not stop doing so.

9. Plaintiff alleges that, on or about August 19, 2020, his wife received another text from Sgt. Gibson.

10. Plaintiff alleges that, in or about August 2021, Sheriff's Deputy Rawlings, in a meeting in which Plaintiff was present and participating, asked female case workers and social workers lewd questions regarding their sexual encounters and their sexual escapades. Examples of these lewd questions include:

(1) "Do you like rough sex?";

(2) "Do you like anal [sex]?";

(3) "What does his penis taste like?"

11. Plaintiff alleges that he expressed to Sheriff's Deputy Rawlings that such questions and behavior were unwelcome and inappropriate, especially because there were children between the ages of 8-14 present.

12. Plaintiff alleges that Sheriff's Deputy Rawlings then called him "a pussy".

13. Plaintiff alleges that he then contacted Sgt. __________ McFarland to make a complaint about Sheriff's Deputy Rawlings' actions and comments. He also followed that call up with an email. Plaintiff alleges that he was told that his complaint would be reviewed by the Command Staff.

14. Plaintiff alleges that, after he made such objections and complaints about Sheriff's Deputy Rawlings' actions, the Salt Lake County Sheriff's Office began treating him disparately and adversely. For example, Plaintiff alleges that, on or about September 20, 2021, after he heated some food in the communal employee breakroom, Sheriff's Deputy __________ Russell told him, "We don't cook fish here, so stop".

15. Plaintiff alleges that, on or about September 21, 2021, while he was again heating up some food in the same breakroom, Deputy Sheriff __________ Lunberg and Deputy Sheriff __________ Fowers came into the breakroom, sniffed, laughed, and said, "Fish, huh?"

16. Plaintiff alleges that, on or about September 22, 2021, he entered the breakroom to heat up some food and, while doing so, noticed a flyer had been placed on the wall in the communal employee breakroom, stating, "be considerate of others". Deputy Sherif Russell came in and said to Plaintiff, "Hey, fat ass, can't you read? You disrespecting everyone is not going to make you look good; you're being a fucking asshole".

17. Plaintiff alleges that, on or about September 23, 2021, he made a complaint to his Sergeant about how he was being treated. When Plaintiff did so, his Sergeant replied, "Ugh, OK. It's the communal breakroom, who cares". Plaintiff alleges that he was then told that he was not allowed in the breakroom.

18. Plaintiff alleges that, after the 12-month period following his hire date expired, no one with the Salt Lake County Sheriff's Office informed Mr. Wesemann that he was still on probation. He reasonably assumed he had passed probation and was no longer on probation.

19. For example, Plaintiff alleges that, on December 6, 2021, the Salt Lake County Sheriff's Office, through Capt. Aaron Torres, prepared and signed a letter addressed "To Whom It May Concern", which confirmed that Mr. Wesemann was a Deputy with the Salt Lake County Sheriff's Office, had been employed by the Office

since June 2020, and "is currently in good standing". Said letter stated nothing about Mr. Wesemann still being on probation or being subject to probation.

20. Plaintiff alleges that, on or about April 6, 2022, he was terminated.

21. Plaintiff alleges that, when Salt Lake County Sheriff's Office terminated his employment, Salt Lake County Sheriff's Office did so by means of a letter dated April 4, 2022, signed by Sheriff Rosie Rivera. Plaintiff alleges that said letter contains a several incorrect and false statements, all of which deprived Mr. Wesemann of property interests and liberty interests without due process of law, in violation of the 14th Amendment, and 42 U.S.C. § 1983:

(1) The first sentence of the letter states that, effective upon receipt of the letter, "I am terminating your probationary employment with the Salt Lake County Sheriff's Office". This is false because Mr. Wesemann was either not subject to a probationary period or such probationary period was 12 months from date of hire, which he had passed in June 2021 and, therefore, no longer in "probationary employment";

(2) Said letter then states/refers to Peace Officer Merit Commission, Policy 2230, Prob. Section 4.1: "At any time during a merit probation period, an employee may be terminated for any non-discriminatory

reason without right of appeal or hearing". This is inapplicable because, (a) as set forth above, Mr. Wesemann had already passed probation and was no longer on probation. It was also inapplicable because (b) the Sheriff's Office was terminating Mr. Wesemann's for a discriminatory (and retaliatory) reason;

(3) The Salt Lake County Sheriff's Office Policy Manual states: "All probationary employees are 'at will' employees, whose employment may be terminated at any time by the Sheriff". This is inapplicable because, as set forth above, Mr. Wesemann had already passed probation and was no longer a probationary employee;

(4) Said Salt Lake County Sheriff's Office Policy Manual also states: "Probationary terminations are not appealable, except for allegations of unlawful discrimination or retaliation". This is inapplicable because, as set forth above, Mr. Wesemann was not on probation and because, even if he was still on probation, he was making allegations of unlawful discrimination or retaliation;

(5) The Salt Lake County Sheriff's Office Policy Manual also states, under the heading: "Probation" (2) prior to being removed from probationary status, probationary employees will be interviewed and their performance reviewed by their Division Commander/administrator". As set forth above, Mr. Wesemann alleges he had passed his 12-month probationary

period. But if he is deemed to have still been on probation, he alleges the Sheriff's Office violated the above-referenced policy.

22. Plaintiff alleges that he was discriminated against because of his sex (male), and retaliated against for complaining about his Sergeant contacting his wife and for complaining about how his coworkers were treating him (after he had complained), in violation of Title VII of the Civil Rights Act of 1964, as amended.

## EXHAUSATION OF ADMINISTRATIVE REMEDIES

23. Petitioner incorporates by this reference all allegations listed in paragraphs 1 through 22 above as if alleged in full herein.

24. Mr. Wesemann alleges he has exhausted or tried to exhaust all administrative remedies or such exhaustion required should be excused or waived on grounds of futility.

25. Plaintiff alleges that, soon after April 14, 2022, he filed a Charge of Discrimination with the UALD/EEOC.

26. Plaintiff alleges that, on or about March 2, 2023, the EEOC issued Mr. Wesemann a right to sue letter. He is filing this civil action within 90 days of his receipt of said right to sue letter.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### DISCRIMINATION ON THE BASIS OF SEX, IN VIOLATION

**OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

27. Petitioner incorporates by this reference all allegations listed in paragraphs 1 through 26 above as if alleged in full herein.

28. To state a prima facie case of discrimination based on his sex, Mr. Wesemann must allege facts which establish, or tend to establish, that: (1) he is a member of a protected class or classes; (2) he was qualified for the position he held; (3) Defendant subjected him to disparate and/or adverse employment action; and (4) the circumstances surrounding the disparate and/or adverse action give rise to an inference of discrimination on the basis of the protected class or classes. *See, generally, McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973).

29. Mr. Wesemann is a male.

30. Mr. Wesemann's allegations satisfy the first element of a prima facie case of discrimination.

31. Mr. Wesemann alleges he was qualified for the position he held in that he worked for Salt Lake County Sheriff's Office for almost two years and developed a record of good performance.

32. Mr. Wesemann's allegations satisfy the second element of a prima facie case of discrimination.

33. An adverse employment action includes a "significant change in employment status, such as hiring, firing, filling to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits". *Piercy v. Maketa,* 480 F.3d 1192, 1203 (10th Cir. 2007) (*internal quotation omitted*).

34. Mr. Wesemann alleges Salt Lake County Sheriff's Office subjected him to the following, timely, disparate and/or adverse actions, (a) required him to work in an offensive and hostile work environment; (b) terminated his employment.

35. Mr. Wesemann's allegations support inferences that, more likely than not, Salt Lake County Sheriff's Office terminated his employment because of his sex.

36. Mr. Wesemann's allegations satisfy the third and fourth elements of a prima facie case of discrimination.

37. Mr. Wesemann's allegations state a prima facie case of discrimination on the basis of sex.

**SECOND CAUSE OF ACTION**
**RETALIATION BASED PROTECTED ACTIVITY,**
**IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1964**

38. Plaintiff incorporates by this reference all allegations listed in paragraphs 1 through 37 above as if alleged in full herein.

39. In order to state a prima facie case of retaliation, Mr. Wesemann must allege facts which establish, or tend to establish, that: (1) he engaged in protected opposition to discrimination; (2) contemporaneous with or subsequent to the protected activity, Salt Lake County Sheriff's Office subjected him to an adverse employment action; and (3) there is a casual connection between the protected activity and the adverse employment action. *See Argo v. Blue Cross and Blue Shield of Kan., Inc.,* 452 F.3d 1193, 1202 (10th Cir. 2006) (*citing Burlington Northern & Santa Fe Ry. Co. v. White,* 126 S.Ct. 2405, 2414-15 (2006)).

40. A protected activity is one in which the individual has participated in a Charge of Discrimination under Title VII or the Utah Antidiscrimination Act or opposed a practice prohibited by such Acts. *See* Utah Code § 34A 5-102 (1) (y). "Although no magic words are required, to qualify as protected opposition the employee must convey to the employer his or her concern that the employer has engaged in a practice made unlawful by [anti-discrimination statutes]." *Hinds v. Sprint/United Mgmt. Co.,* 523 F.3d 1187, 1203 (10th Cir. 2008). Here, Mr. Wesemann alleges he engaged in protected activity at various times and in various ways, including when he complained about: (a) coworkers' sexually offensive and derogatory remarks;

and (b) other coworkers' sexually offensive and derogatory remarks and how (a) and (b) were creating a hostile work environment. He alleges he complained several times to the Salt Lake County Sheriff's Office.

41. Mr. Wesemann's allegations satisfy the first element of a prima facie case of retaliation.

42. Mr. Wesemann alleges that, after he began complaining, Salt Lake County Sheriff's Office took various materially adverse actions against him. The Supreme Court has set the standard to be used in determining what constitutes an adverse employment action. The action must be materially adverse to a reasonable employee or applicant. *Burlington Northern & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 68 (2006). The Supreme Court has explained that "materially adverse" means that the harm must be significant. *Id.* It has also explained that the determination must be made objectively, and, thus, must be measured against how a "reasonable worker" would feel or act. *Id.* Specifically, an employee must show that the action must be adverse enough that it "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination". The Supreme Court has also decided that whether any given act constituted retaliation may depend upon the particular circumstances. *Id.* at 69. Here, Mr. Wesemann alleges the following, timely, adverse

employment actions: (a) Salt Lake County Sheriff's Office terminated his employment with Salt Lake County Sheriff's Office based on false information.

43. Mr. Wesemann's allegations satisfy the second element of a prima facie case of retaliation.

44. Mr. Wesemann alleges there is a cause and effect connection between his engaging in protected activity and the adverse action he thereafter suffered. He alleges such a causal connection is based on several factors, including temporal proximity, animus on the part of coworkers and managers towards him, evidence of disparate treatment and motive for coworkers and managers to retaliate against him.

45. Mr. Wesemann alleges the facts, as alleged, support an inference that there is a causal connection between his protected activity and the adverse actions listed above.

46. Mr. Wesemann's allegations satisfy the third element of a prima facie case of retaliation.

47. Mr. Wesemann's allegations state a prima facie case of retaliation.

48. Mr. Wesemann alleges the reasons relied upon by Salt Lake County Sheriff's Office to terminated his employment are false and pretextual.

**THIRD CAUSE OF ACTION**
**BREACH OF CONTRACT IN THE FORM OF**

**VIOLATION OF SALT LAKE COUNTY SHERIFF'S OFFICE POLICY MANUAL (1) 2.07.00 ON WORKPLACE HARASSMENT, DISCRIMINATION AND RETALIATION COMPLAINTS PROCEDURE AND ON (2) POLICY MANUAL ON PROBATION**

49. Petitioner incorporates by this reference all allegations listed in paragraphs 1 through 48 above as if alleged in full herein.

50. Plaintiff alleges the above-referenced documents formed a Contract between the Salt Lake County Sheriff's Office and himself. The Contract has implied in it a covenant of good faith and fair dealing.

51. Mr. Wesemann alleges the Salt Lake County Sheriff's Office has engaged in actions and inactions which manifest a desire and intention to do whatever is necessary to avoid having Mr. Wesemann continued to work for the Salt Lake County Sheriff's Office.

52. Mr. Wesemann the Salt Lake County Sheriff's Office has deliberately acted to deprive Mr. Wesemann of the benefits of his bargain made in the Contract.

53. By engaging in such actions and inactions, the Salt Lake County Sheriff's Office has breached the Contract and breached the implied covenant of good faith and fair dealing.

54. Said breach of the Contract and breach of the implied covenant of good faith and fair dealing has caused loss, injury and damage to Mr. Wesemann in the

form of lost benefits, damage to his reputation and consequential damages and the need to hire legal counsel and incur attorney's fees.

**FOURTH CAUSE OF ACTION**
**DEPRIVATION OF PROPERTY INTERESTS**
**WITHOUT DUE PROCESS OF LAW —**
**AGAINST THE INDIVIDUAL DEFENDANTS'**
**IN THEIR INDIVIDUAL CAPACITIES**

55. Plaintiff incorporates by this reference all allegations listed in paragraphs 1 through 54 above as if alleged in full herein.

56. Mr. Wesemann alleges he had property interest in his employment, in fair adjudication of the complaints he filed with the Salt Lake County Sheriff's Office, and in preserving his good name, which the individual Defendants, listed above, sued in their individual capacities as state actors, could not deprive him of without due process of law, such as notice and an opportunity to be heard in a meaningful post-deprivation due process hearing.

57. Ms. Wesemann alleges that, by engaging in the above-described acts and omissions, and in particular, terminating Mr. Mr. Wesemann's employment, and failing to fairly adjudicate the complains he filed with the Salt Lake County Sheriff's Office, and by disparaging his good name, the individual Defendants listed above, sued in their individual capacities as state actors, violated Mr. Wesemann's civil

rights, and deprived Mr. Wesemann of his protected property interests, without due process of law, in violation of 42 U.S.C. §1983.

58. Mr. Wesemann alleges such violations entitle him to a judgment for damages due to such deprivation.

**FIFTH CAUSE OF ACTION**
**DEPRIVATION OF LIBERTY INTEREST**
**WITHOUT DUE PROCESS OF LAW —**
**AGAINST THE INDIVIDUAL BOARD MEMBERS**
**IN THEIR INDIVIDUAL CAPACITIES**

59. Plaintiff incorporates by this reference all allegations listed in paragraphs 1 through 58 above as if alleged in full herein.

60. Mr. Wesemann alleges he had liberty interest in his good name as to which the individual Defendants listed above, sued in their individual capacities as state actors, could not deprive him without due process of law, such as notice and an opportunity to be heard in a meaningful post-deprivation name clearing due process hearing.

61. By engaging in the above-described acts and omissions, and in particular, by intentionally making negative, disparaging, detrimental, and derogatory statements about him regarding his performance and character to third parties, which statements were false and which statements have the potential to damage, and did damage, his reputation in the eyes of his coworkers and the general public, the

individual Defendants listed above, sued in their individual capacities as state actors, violated Mr. Wesemann's civil rights, and deprived Mr. Wesemann of his liberty interest in his good name and reputation, without due process of law, in violation of 42 U.S.C. §1983.

62. Mr. Wesemann alleges such violations entitle him to a judgment for damage to his good name and reputation due to such deprivation.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF UTAH CONSTITUTION**

63. Petitioner incorporates by this reference all allegations listed in paragraphs 1 through 62 above as if alleged in full herein.

64. Mr. Wesemann alleges the actions alleged above have also violated his rights under the Utah Constitution, which has caused him damage and injury.

**PRAYER FOR RELIEF**

WHEREFORE, based on the allegations set forth herein and the evidence to be assembled, discovered, adduced and propounded in support of these allegations, Mr. Wesemann requests the Court to award him a money judgment, including, but not limited to, the wages and benefits he lost from April 4, 2022 to the present and ongoing for at least five (5) years, or until he obtains comparable employment and for all other losses, injuries and damages, and for reasonable attorney's fees and court costs.

65. Such actions and inactions are so egregious and the breaches of the covenant so premeditated and extreme that Mr. Wesemann asserts a claim for punitive damages.

DATED this 26th day of May, 2023.

*/s/ David J. Holdsworth*
David J. Holdsworth
*Attorney for Mr. Wesemann*

VERIFICATION

Alex Wesemann, being first duly sworn, upon his oath, deposes and says that he is the Plaintiff in the above-entitled action, that he has read the foregoing COMPLAINT and understands the contents thereof, and the allegations made therein are true of his own knowledge, except as to those matters alleged on information and belief which he believes to be true.

*/s/ Alex Wesemann*
Alex Wesemann

SUBSCRIBED AND SWORN to before me, a Notary Public, this ____ day of May, 2023.

______________________________
NOTARY PUBLIC

MY COMMISSION EXPIRES: RESIDING AT: ____________________

______________________________